IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STYLE LOUNGE SALON, INC., | |
| Plaintiff, | No. 20-cv-03721 |
| v. | Judge John F. Kness |
| WEST BEND MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Style Lounge Salon, Inc., is a Chicago-based hair salon. Predictably, the onset of the COVID-19 pandemic in early 2020 and the ensuing economic disruption tied the salon industry in knots. Those dire financial consequences prompted Plaintiff to file a claim with its insurer, Defendant West Bend Mutual Insurance Company, for loss of business income under a commercial general liability policy. When Defendant denied Plaintiff's claim, Plaintiff filed this action seeking a declaratory judgment that the insurance policy requires coverage. Plaintiff also brought assorted claims for breach of contract and statutory bad faith denial of insurance.

Defendant now moves to dismiss the complaint and argues that coverage is not required under the plain language of the applicable policy. As explained below, because the world-altering events of the COVID-19 pandemic—although indisputably damaging—are not covered under the relevant policy, Plaintiff's

complaint fails to state a viable claim. Accordingly, Defendant's motion to dismiss is granted.

I.   BACKGROUND

Plaintiff operates a hair salon in Chicago committed to going "above and beyond" for its clients. (Dkt. 1 ¶¶ 2, 18.) In early 2020, the COVID-19 disease erupted in Wuhan, China and quickly spread across the United States. (*Id.* ¶ 28.) To stem the spread of the SARS-CoV-2 virus that causes COVID-19, several states and municipalities implemented orders ("Shutdown Orders") prohibiting and restricting access to various businesses and facilities because of the actual or potential physical presence of the SARS-CoV-2 virus at those locations. (*Id.* ¶ 25.) In March 2020, the Governor of Illinois ordered the closure of non-essential businesses. (*Id.* ¶ 29.) Chicago's Mayor issued similar orders soon after. (*Id.*) Style Lounge—deemed a non-essential business—promptly closed and remained closed when this case was filed. (*Id.* ¶ 30.)

At the time of the shutdown, Plaintiff held an insurance policy with Defendant bearing an effective period of March 3, 2020 through March 3, 2021 (the "Policy"). (*Id.* ¶ 21; Dkt. 1-1 at 43.) The Policy provided coverage for "direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss." (Dkt. 1-1 at 44.) The Policy also provided coverage for business interruption losses, including lost earnings and extra expenses incurred while access due to a covered cause of loss was denied by order of "Civil Authority." (*Id.* at 49.)

2

On or about March 21, 2020, Plaintiff timely notified Defendant of a claim under the Policy for its losses stemming from the COVID-19 shutdown. (Dkt. 1-1 at 133.) Asserting that the Policy did not provide coverage for Plaintiff's losses, Defendant denied the claim on April 3, 2020. (*Id.*) Plaintiff then brought this action in June 2020. (Dkt. 1.) Defendant now moves for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.

## II. LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal punctuation omitted). The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment after both the plaintiff's complaint and the defendant's answer have been filed. Fed. R. Civ. P. 12(c). Rule 12(c) motions are reviewed under the same standard as Rule 12(b)(6) motions to dismiss. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). As with a motion to dismiss, the court must construe the complaint's

3

allegations liberally in favor of the insured. *Berg v. New York Life Ins. Co.,* 831 F.3d 426, 430 (7th Cir. 2016). To succeed on a motion for judgment on the pleadings, the moving party "must demonstrate that there are no material issues of fact to be resolved." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). This standard is demanding and requires a showing "beyond doubt" that the nonmovant cannot prove any facts that support its claim for relief. *Id*. at 452.

### III. DISCUSSION

Plaintiff's declaratory-judgment claim seeks a declaration that Plaintiff's losses are insured under the Policy, that Defendant's defenses are waived, and that Defendant must pay damages. (Dkt. 1 ¶ 84.) Because the declaratory-judgment claim essentially asks the court to declare that Defendant has breached the Policy, the claims entirely overlap. They turn, therefore, on whether Plaintiff's theory of liability can be sustained under the language of the Policy.

Plaintiff alleges the Policy constitutes a contract between the Parties and that Defendant breached that contract by denying Plaintiff's insurance claim. (*Id*.) Plaintiff asserts coverage under four of the Policy's provisions: the "Business Income" provision, the "Civil Authority" provision, the "Communicable Disease" provision, and the "Extra Expense" provision. (Dkt. 1-1.) Defendant seeks to deny coverage under those provisions and argues that its "Virus or Bacteria" exclusion and "Consequential Losses" exclusion apply.[1] (Dkt. 21 at 2.)

---

[1] Plaintiff reasonably raises questions about the applicability of the "Virus Exclusion" in a policy that includes a purchased "Communicable Disease" provision. (Dkt. 28 at 21.) Because the "Communicable Disease" provision does not cover Plaintiff's alleged loss, however, determining the application of the "Virus Exclusion" is unnecessary. So too with

4

Plaintiff's claims fail as a matter of law.[2] As explained below, because the Policy is limited to "physical" losses or damages, and because Plaintiff has not alleged a physical loss or damage, coverage does not extend to Plaintiff under the circumstances as alleged in Plaintiff's complaint.

### A. Business Income and Extra Expense Provisions

Many of the Policy's categories of coverage—including the Business Income and Extra Expense Provisions in Defendant's motion, (Dkt. 21)—require that the insured party incurred a "physical" loss or damage. (*See*, *e.g.*, Dkt. 1-1 at 47 (covering "actual loss of Business Income . . . caused by direct *physical loss of or damage* to property at the premises") (emphasis added); *id.* at 36 (covering "Extra Expense [Plaintiff] incur[s] during the 'period of restoration' that [Plaintiff] would not have incurred if there had been no *direct physical loss or damage* to property at the described premises") (emphasis added)).

Defendant argues that the presence of a virus does not constitute a "physical" loss or damage. (Dkt. 24 at 5–12.) Plaintiff, by contrast, argues that the provision covers losses that result from "both property loss and damage by impairing the

---

determining the applicability of a provision that excludes "Consequential Damages" when the Court finds no damages.

[2] Plaintiff also seeks damages under Illinois's bad faith denial of insurance statute. (Dkt.1-1 at 17); *see* 215 ILCS 5/154.6. But "when an insurer denies the claim of an insured because no coverage exists, the insurer has not failed to honor its contractual obligations under an insurance policy." *M&E Bakery Holdings, LLC v. Westfield Natl. Ins. Co.*, 2021 WL 1837393, at *5 (N.D. Ill. May 7, 2021) (denying statutory damages under the same provision) (quoting *First Ins. Funding Corp. v. Fed. Ins. Co.*, 284 F.3d 799, 807 (7th Cir. 2002)); *Dental Experts, LLC v. Massachusetts Bay Ins. Co.*, 2021 WL 1722781, at *5 (N.D. Ill. May 1, 2021) (dismissing with prejudice under Rule 12(b) an Illinois statutory bad faith for denial of coverage claim when the insurer properly denied coverage).

function of Plaintiff's property and dispossessing Plaintiff of its tangible spaces." (Dkt. 28 at 6.) Plaintiff further claims that whether a virus causes a physical loss is a scientific question best reserved for the jury. *Id.* at 10.

Defendant's interpretation of "physical loss or damage" is correct. " '[P]hysical loss' refers not to *any* deprivation, but rather to a deprivation caused by a tangible or concrete change in the condition or location of the thing that is lost." *G.O.A.T. Climb & Cryo, LLC v. Twin City Fire Ins. Co.*, No. 20 C 5644, 2021 WL 2853370, at *3 (N.D. Ill. July 8, 2021); *see Bend Hotel Dev. Co. v. Cincinnati Ins. Co.*, 515 F. Supp. 3d 854, 857 (N.D. Ill. 2021) (noting that, at the time it was decided, "every court in this district that ha[d] interpreted similar provisions under Illinois law ha[d] concluded that the virus does not cause 'direct physical loss or damage' to property").

Indeed, numerous recent decisions have explained that a plaintiff's purely economic loss does not constitute "physical loss or damage" to property. *See Sandy Point Dental, PC v. Cincinnati Ins. Co.*, 488 F. Supp. 3d 690, 693 (N.D. Ill. 2020) (the policy language of "direct physical loss" unambiguously requires some form of actual, physical damage to the insured's premises to trigger coverage); *Crescent Plaza Hotel Owner L.P. v. Zurich Am. Ins. Co.*, No. 20 C 3463, 2021 WL 633356, at *3 (N.D. Ill. Feb. 18, 2021) (same); *T&E Chi., LLC v. The Cincinnati Ins. Co.*, 501 F. Supp. 3d 647, 652 (N.D. Ill. 2020) (loss of use of property without any physical change to that property cannot constitute direct physical loss or damage to the property).[3]

---

[3] To be sure, some decisions in this District have interpreted a similar "physical loss" provision to cover business income losses caused by government-imposed COVID-19 closure orders. *See, e.g., Derek Scott Williams PLLC v. The Cincinnati Ins. Co.*, No. 20 C 2806, 2021 WL 767617, at *4 (N.D. Ill. Feb. 28, 2021) (term "physical loss" in insurance policy broad

6

These decisions represent a clear consensus that COVID-19 does not cause physical loss or damage. For the same reasons provided in those earlier decisions, this Court agrees. Plaintiff does not allege there was any physical damage that would satisfy the requirement of "physical loss or damage" and thus trigger coverage under those provisions of the Policy. Accordingly, because the Business Income and Extra Expense coverage at issue in Defendant's motion requires "physical" loss or damage, those categories do not extend to Plaintiff under these circumstances.[4]

### B.   Civil Authority Provision

Plaintiff also alleges that the Policy's Civil Authority provision requires Defendant to cover Plaintiff's business losses caused by the COVID-19 shutdown. (Dkt. 1 ¶ 26.) That provision covers "causes of damage to property other than property at the described premises . . . provided that both of the following apply:" (1) access to the area is denied as a result of the damaged "but are not more than one mile from the damaged property" and, in relevant part, (2) the "action of civil authority is taken in response to dangerous physical conditions resulting from the damage." (Dkt. 1-1 at 49).

---

enough to cover the plaintiff's deprivation of the use of its business premises following imposition of COVID-19 shutdown order); *In re Soc'y Ins. Co. Covid-19 Bus. Interruption Prot. Ins. Litig.*, MDL No. 2964 2021 WL 679109 (N.D. Ill. Feb. 22, 2021) (similar). But disagreement among courts regarding the interpretation of a policy provision does not, by itself, render the provision ambiguous. *See Erie Ins. Grp. v. Sear Corp.*, 102 F.3d 889, 894 (7th Cir. 1996) (rejecting the argument that an insurance policy term was ambiguous "on the basis of conflicting case law" interpreting the term).

[4] Also pending before the Court is Plaintiff's motion to strike the portions of Defendant's answer. (*See* Dkt. 9.) Because this Court rules that Plaintiff failed, as a matter of law, to allege Plaintiff's injuries resulted from the COVID-19 pandemic, the motion to strike is dismissed as moot.

7

By its plain terms, and for similar reasons to the physical damage claim above, the "Civil Authority" provision does not apply. Plaintiff's argument fails for the same reason that its arguments related to the application of the Business Income provision fail: Plaintiff has not adequately alleged "direct physical loss of or damage to" to *any* property. As explained above, the mere presence of the SARS-CoV-2 virus at any given location does not constitute such a physical loss. *See Sandy Point Dental*, 488 F. Supp. 3d at 694 ("Just as the coronavirus did not cause direct physical loss to plaintiff's property, the complaint has not (and likely could not) allege that the coronavirus caused direct physical loss to other property. By the policy's own terms, the civil authority coverage does not apply"); *Chief of Staff LLC*, 2021 WL 1208969, at *5 (Civil Authority provision did not apply because it "requires that the 'other property' have suffered 'damage,' and the complaint does not allege, nor does [the insured] argue, that the closure orders were due to some other property within one mile of [the insured's] premises having been damaged by the coronavirus"); *G.O.A.T.*, 2021 WL 2853370, at *6 ("Like the Business Income and Extra Expense provisions, the Civil Authority provision requires a Covered Cause of Loss, which physical virus is not").

Even if Plaintiff had adequately alleged there were some physical loss or damage to outside property, it does not allege that any Shutdown Order "specifically denied" Plaintiff access to its own property. Because Plaintiff does not allege it was "specifically denied" access to its covered locations, the Civil Authority provision does not apply, and Defendant was not in breach of the Policy when it denied coverage on

8

those grounds. *Accord Riverside Dental of Rockford, Ltd. v. Cincinnati Ins. Co.,* No. 20 CV 50284, 2021 WL 346423, at *5 (N.D. Ill. Jan. 19, 2021) ("Plaintiff's Business Income loss is not covered under the Civil Authority coverage provisions of the policy at issue in this case because the Governor's Orders did not prohibit access to plaintiff's dental office").

### C.  Communicable Disease Provision

Plaintiff similarly fails to allege that its losses implicate the Policy's Communicable Disease provision. (Dkt. 1-1 at 12–13, 31). That provision extends the Policy to apply to "the actual loss of Business Income or Extra Expense" sustained as a result of a government-ordered shutdown of operations "due to an outbreak of a 'communicable disease' or a 'waterborne pathogen' *at the insured premises* as described in the Declarations." (*Id.*) (emphasis added). Plaintiff argues it sufficiently pleaded an outbreak that should trigger coverage at the Style Lounge—because the outbreak "is occurring at the steps of Plaintiff's business, and all across Chicago, the State and the country." (Dkt. 28 at 20.) Although the COVID-19 pandemic is a deadly serious matter, Plaintiff does not allege an outbreak—indeed, not one instance of infection—at its premises. As a result, under Plaintiff's own allegations, the plain language of the Policy cannot sustain the finding of an outbreak (and a resulting government-ordered shutdown). *See, e.g., Paradigm Care & Enrichment Ctr., LLC v. W. Bend Mut. Ins. Co.*, 2021 WL 1169565, at *9 (E.D. Wis. Mar. 26, 2021) (applying Illinois law to the same coverage provision and finding that "the plain meaning of the terms of the Communicable Disease provision" could not support a claim of an

9

outbreak on the premises even when plaintiffs allege one case of COVID-19); *see also Blue Coral, LLC v. W. Bend Mut. Ins. Co.*, 2021 WL 1395771, at *4 (E.D.N.C. Apr. 13, 2021) ("Because the Communicable Disease Provision makes clear that covered losses must result from a suspension of operations that took place 'due to an outbreak of [e.g., COVID-19] at the insured premises' . . . Plaintiffs' failure to plausibly allege the presence of COVID-19 at any specific place is fatal to the complaint."). Accordingly, that allegation of breach must also be dismissed.

### III. CONCLUSION

For the reasons provided above, Defendant's motion for judgment on the pleadings is granted. Plaintiff's motion to strike part of Defendant's answer (Dkt. 9) is dismissed as moot.

SO ORDERED in No 20-cv-03721.

Date: September 30, 2021

_____
JOHN F. KNESS
United States District Judge